**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LYNNE L. WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:13-cv-00899 - LJO - JLT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Lynne Wright ("Plaintiff") initiated this action for quiet title against Specialized Loan Servicing, LLC ("Defendant") on June 13, 2013. (Doc. 1). For the following reasons, Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

## I. Pleading Requirements

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint

is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## **II. Plaintiff's Allegations**

Plaintiff asserts she possesses a deed from Castle & Cooke California, Inc. dated May 13, 2005, which makes Plaintiff " the legal title holder of the subject private land" located at 11611 Lynepark Drive, Bakersfield, California, also known as "Lot Number 26 Tract Number: 6185 Unit: 4 Map Ref: MB51." *Id.* at 2-3.

She alleges she made good faith offer to pay the entire amount due on January 30, 2013, "which was neither accepted nor rejected according to the mandates of well-settled American Law and Jurisprudence." (Doc. 1 at 4). Plaintiff asserts she made a second good faith offer to pay on February 14, 2013, and requested "to know where to personally bring the legal tender cash in order to trade it for and retrieve the original lawfully endorsed Promissory Note and Trust Deed or Mortgage in order to complete the original contracted transaction." *Id.* Again, the communication "was. . . neither accepted nor rejected." *Id.* She alleges she made two other good faith offers to pay on March 1 and March 15, 2013, without receiving a response. *Id.* at 4-5.

Plaintiff alleges Defendant and The Bank of New York "have instituted a Foreclosure proceeding based on fraudulent Court documents." (Doc. 1 at 4). Plaintiff seeks "to quite title against any claims of Ownit Mortgage Solutions, Americas Wholesale Lender, Countrywide Home Loans, Inc., Bank of America Home Loans, Specialized Loan Servicing, LLC, and The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificate[] holders of the CWABS, Inc. . ."[1] *Id.* at 3.

## **III. Discussion and Analysis**

Under California law, a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title to which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title. Cal. Code Civ. Pro. § 761.020. It is well-settled that an individual "cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see also Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006 (1948) ("A party may not without payment of the debt . . . have his title quieted against the purchaser"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) (an individual is unable to quiet title "without discharging his debt"). Consequently, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 117 (1971).

In this case, Plaintiff fails to allege that she paid the amount of the debt owed. Rather, Plaintiff

[1] Notably, only Specialized Loan Servicing, LLC is identified as a defendant in this action.

alleges only that she *offered* to pay the amount owed. An offer to pay is of no effect if the person making it is not able to perform. *Karlsen v. American Sav. & Loan Assn*., 15 Cal.App.3d 112, 118 (1971). Ultimately, the debtor bears the "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney v. Downey Savings & Loan Ass'n*, 200 Cal.App.3d 1154, 1165 (1988). As this Court explained previously, "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure." *Kozhayev v. Americas Wholesale Lender*, 2010 U.S. Dist. LEXIS 77553, 2010 WL 3036001, at *5 (E.D. Cal. Aug.2, 2010) (quoting *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813, 2009 WL 2136969 (N.D. Cal. July 16, 2009). Because Plaintiff does not she tendered the full amount of the loan, her quiet title claim is **DISMISSED**.

## IV. Conclusion and Order

Plaintiff has failed to provide sufficient facts for the Court determine that she may proceed on her claim for quiet title. The Court will allow Plaintiff an opportunity to cure the deficiencies identified in this order by providing additional facts to support her claim. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that she has alleged and that an opportunity to amend would be futile). If Plaintiff fails to provide information supporting her claims, the Court will find she is unable to do so.

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**;
2. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint; and
3. If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **June 19, 2013**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE