UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE L. WRIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00899 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

Plaintiff Lynne Wright initiated this action by filing a complaint on June 13, 2013. (Doc. 1). Because Plaintiff has failed to comply with the Court's orders and failed to prosecute this action by filing an amended complaint, the Court recommends the action be **DISMISSED** without prejudice.

**I.    Background**

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981). The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915e(2), and determined she failed to state a cognizable claim. (Doc. 3). Plaintiff's complaint was dismissed with leave to amend on June 19, 2013. *Id.*

When Plaintiff failed to file an amended complaint, the Court issued an order to show cause on July 17, 2013, which contained a warning that failure to prosecute an action and failure to obey the

Court's orders may result in dismissal of the action. (Doc. 4 at 1-2). Plaintiff was ordered "to show cause within fourteen days of the date of service of th[e] Order why the action should not be dismissed for failure to comply with the Court's order, or in the alternative, to file a First Amended Complaint." *Id.* at 2. Again, Plaintiff failed to comply with or otherwise respond to the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises

from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, when the Court dismissed the complaint with leave to amend, Plaintiff was warned: "<u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order</u>." (Doc. 3 at 5) (emphasis in original). In addition, in the order to show cause, Plaintiff was warned that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 4 at 1). Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's orders, and her failure to prosecute the action. These warnings that failure to comply with the Court's orders would result in sanctions, including dismissal of the action, satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### IV.     Findings and Recommendations

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**: that this action be **DISMISSED without prejudice.**

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 5, 2013**                      **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE